UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:15-cv-21734-CMA (Altonaga/O'Sullivan)

MARCOS GARCIA-CALVO, and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

v.

MONTERREY MONEY SERVICES, INC.,
d/b/a MONTERREY PRODUCE, and
CONRADO AYALA,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendants MONTERREY MONEY SERVICES, INC. d/b/a MONTERREY PRODUCE and CONRADO AYALA hereby submit their answer and affirmative defenses to the complaint filed by Plaintiff MARCOS GARCIA-CALVO.

### Answer to Complaint

Defendants deny each and every allegation of Plaintiff's complaint not expressly admitted below. Defendants' answer to each of the specifically enumerated paragraphs of Plaintiff's complaint is as follows:

1. Admitted that Plaintiff's complaint purports to bring an action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"). Any and all remaining allegations of this paragraph not expressly admitted are denied, and Defendants expressly deny that Plaintiff is entitled to any relief whatsoever.

2. Denied for lack of knowledge.

3. Admitted that Defendant MONTERREY MONEY SERVICES, INC. d/b/a MONTERREY PRODUCE (a) is a Florida corporation; (b) transacts business within Miami-Dade County, Florida; and (c) was previously Plaintiff's employer. Any and all remaining allegations of this paragraph not expressly admitted are denied.

4. Admitted that Defendant MONTERREY MONEY SERVICES, INC. d/b/a MONTERREY PRODUCE (a) is a Florida corporation; (b) transacts business within Collier County, Florida; and (c) was previously Plaintiff's employer. Any and all remaining allegations of this paragraph not expressly admitted are denied.

5. Admitted that Defendant CONRADO AYALA is a corporate officer of Defendant MONTERREY MONEY SERVICES, INC. d/b/a MONTERREY PRODUCE. Any and all remaining allegations of this paragraph not expressly admitted are denied, and Defendants specifically deny that Defendant CONRADO AYALA was ever Plaintiff's "employer" as that term is defined and interpreted under the FLSA.

6. Denied.

7. Admitted that Plaintiff's complaint purports to bring an action under the FLSA, and further admitted that the FLSA is a law of the United States. Any and all remaining allegations of this paragraph not expressly admitted are denied.

8. Admitted that the Court has jurisdiction of claims arising under the FLSA. Any and all remaining allegations of this paragraph not expressly admitted are denied.

9. This is not an averment to which a response is required. To the extent a response is required, admitted that the text of the FLSA speaks for itself. Any and all remaining allegations of this paragraph not expressly admitted are denied.

10. Admitted that Plaintiff was employed by Defendant MONTERREY MONEY SERVICES, INC. d/b/a MONTERREY PRODUCE from in or about April of 2011 through in or about April of 2015. Any and all remaining allegations of this paragraph not expressly admitted are denied.

11. Denied.

12. Denied.

13. Admitted that Defendant MONTERREY MONEY SERVICES, INC. d/b/a MONTERREY PRODUCE had gross annual sales or business done of at least $500,000.00 for the years 2011, 2012 and 2013. Any and all remaining allegations of this paragraph not expressly admitted are denied.

14. Admitted that Defendant MONTERREY MONEY SERVICES, INC. d/b/a MONTERREY PRODUCE had gross annual sales or business done of at least $500,000.00 for the year 2014. Any and all remaining allegations of this paragraph not expressly admitted are denied.

15. Admitted that Defendant MONTERREY MONEY SERVICES, INC. d/b/a MONTERREY PRODUCE had gross sales or business done of at least $125,000.00 for the first three months of year 2015. Any and all remaining allegations of this paragraph not expressly admitted are denied.

16. Admitted that Defendant MONTERREY MONEY SERVICES, INC. d/b/a MONTERREY PRODUCE was previously Plaintiff's employer. Any and all remaining allegations of this paragraph not expressly admitted are denied.

17. Admitted that Defendant MONTERREY MONEY SERVICES, INC. d/b/a MONTERREY PRODUCE was previously Plaintiff's employer. Any and all remaining allegations of this paragraph not expressly admitted are denied.

18. Denied.

19. Admitted that Plaintiff was employed by Defendant MONTERREY MONEY SERVICES, INC. d/b/a MONTERREY PRODUCE from in or about April of 2011 through in or about April of 2015. Any and all remaining allegations of this paragraph not expressly admitted are denied.

20. Denied. As to the "wherefore" clause following paragraph 20, Defendants deny that Plaintiff is entitled to any relief whatsoever.

## Affirmative Defenses to Complaint

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred in whole or in part by the estoppel provisions of the Portal-to-Portal Act, to the extent Plaintiff seeks to bring this action as a collective, representative or class action.

### Third Affirmative Defense

There is no enterprise or individual coverage under the FLSA.

### Fourth Affirmative Defense

To the extent Plaintiff was entitled to overtime under the FLSA and the regulations promulgated thereunder, Plaintiff's claims for any such wages are barred in whole or in part because Defendants did not suffer or permit the work, including any overtime work.

### Fifth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the exemptions, exclusions, and credits provided for under the FLSA and the regulations promulgated thereunder, including, but not limited to, the exemptions set forth at 29 U.S.C. § 213(a), (b).

### Sixth Affirmative Defense

Defendants have tendered and/or paid all monies owed to Plaintiff in accordance with all applicable laws, including but not limited to all wages which may be due under the FLSA.

### Seventh Affirmative Defense

Plaintiff's claims are barred in whole or in part because Defendants at all times material hereto acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals and/or interpretations of the Administrator of the Wage and Hour Division of the Department of Labor.

### Eighth Affirmative Defense

Plaintiff's claims are barred in whole or in part due to the de minimus doctrine recognized under the FLSA.

### Ninth Affirmative Defense

Although Defendants deny that they owe any wages or other amounts to Plaintiff, if it is determined that such wages or other amounts are owed, Plaintiff cannot establish that any alleged violation of the FLSA was willful.

### Tenth Affirmative Defense

Although Defendants deny that they owe any wages or other amounts to Plaintiff, if it is determined that such wages or other amounts are owed, then Defendants assert that at all times relevant to this action a reasonable good faith dispute existed as to whether such wages or other amounts were owed.

### Eleventh Affirmative Defense

Although Defendants deny that they owe any wages or other amounts to Plaintiff, if it is determined that such wages or other amounts are owed, then Plaintiff is not entitled to liquidated damages.

### Twelfth Affirmative Defense

Defendants' actions regarding payroll practices and compliance with the FLSA were in good faith and Defendants had reasonable grounds for believing their actions were in compliance with the FLSA.

### Thirteenth Affirmative Defense

At all times material hereto, Defendants had good faith defenses, based in law and/or fact, which if upheld would have precluded any recovery by Plaintiff based on the allegations of the complaint.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands, including, but not limited to, Plaintiff seeking compensation for work not actually performed and/or Plaintiff improperly reporting or recording the time he worked.

### Fifteenth Affirmative Defense

Plaintiff has suffered no damages.

### Sixteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel because of reasons including, but not limited to, Plaintiff seeking compensation for work not actually performed and/or Plaintiff improperly reporting or recording the time he worked.

### Seventeenth Affirmative Defense

To the extent Plaintiff was entitled to overtime under the FLSA and the regulations promulgated thereunder, Plaintiff's claims for any such wages are barred in whole or in part due to Plaintiff's failure to accurately report or record the number of hours he worked.

### Eighteenth Affirmative Defense

To the extent Plaintiff was entitled to overtime under the FLSA and the regulations promulgated thereunder, Plaintiff's claims for any such wages are barred in whole or in part due to Plaintiff improperly reporting or recording hours that he did not actually work.

### Nineteenth Affirmative Defense

Defendants are entitled to a set-off for any amounts paid to Plaintiff for work Plaintiff did not actually perform.

### Twentieth Affirmative Defense

To the extent Plaintiff was entitled to overtime under the FLSA and the regulations promulgated thereunder, Plaintiff's claims for any such wages are barred in whole or in part because Defendants did not have actual or constructive knowledge that Plaintiff was working the hours he claims, including any overtime hours.

### Twenty-First Affirmative Defense

To the extent Plaintiff is attempting to maintain a collective, representative or class action under the FLSA, Plaintiff lacks standing to do so.

### Twenty-Second Affirmative Defense

To the extent Plaintiff is attempting to maintain a collective, representative or class action under the FLSA, Plaintiff cannot establish the existence of any similarly situated individuals willing and/or eligible to participate as party-plaintiffs in this lawsuit, nor can Plaintiff establish entitlement to class certification or notification.

### Twenty-Third Affirmative Defense

To the extent Plaintiff is attempting to maintain a collective, representative or class action under the FLSA, Defendants assert that this matter may not be maintained as a collective, representative or class action.

### Twenty-Fourth Affirmative Defense

Defendant CONRADO AYALA was never Plaintiff's "employer" as that term is defined and interpreted under the FLSA.

### Twenty-Fifth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations. More particularly, to the extent that the period of time alleged in the complaint, or which

might be alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), such claims of Plaintiff or allegedly "similarly situated individuals" are barred.

### Twenty-Sixth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all time during which Plaintiff was engaged in activities which were preliminary or post-preliminary to his principal activities.

### Twenty-Seventh Affirmative Defense

Plaintiff's claims are barred in whole or in part to the extent the work Plaintiff performed falls within exemptions provided for in the FLSA, including but not limited to the executive and/or administrative exemptions.

### Twenty-Eighth Affirmative Defense

To the extent Plaintiff was entitled to overtime under the FLSA and the regulations promulgated thereunder, Plaintiff is only owed, at most, "half-time" for any hours worked in excess of forty during any particular workweek.

### Twenty-Ninth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of laches. Plaintiff's delay in asserting his claims has unduly prejudiced Defendants.

### Thirtieth Affirmative Defense

To the extent that Plaintiff obtains any recovery based on his claims, Plaintiff is nevertheless not entitled to an award of costs and attorney's fees based on the authority of Goss v. Killian Oaks House of Learning, 248 F. Supp. 2d 1162 (S.D. Fla. 2003).

**Additional Affirmative Defenses**

Defendants reserve the right to assert additional affirmative defenses which may be learned or disclosed through the discovery process.

**Defendants' Demand for Costs and Attorney's Fees**

Defendants are entitled to an award of costs and attorney's fees incurred in defense of Plaintiff's claims because those claims have been brought in bad faith. See, e.g., Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541 (11th Cir. 1985), and Turlington v. Atlanta Gas Light Co., 135 F.3d 1428 (11th Cir. 1998).

WHEREFORE, Defendants MONTERREY MONEY SERVICES, INC. d/b/a MONTERREY PRODUCE and CONRADO AYALA, having answered Plaintiff's complaint and asserted affirmative defenses, respectfully request that this Court dismiss Plaintiff's complaint with prejudice and/or enter final judgment in their favor, award them their reasonable attorney's fees and costs, and take such further action as is just and proper.

Dated:   July 1, 2015  
         Boca Raton, FL

Respectfully submitted,

*s/ Adam S. Chotiner*  
ADAM S. CHOTINER, ESQ.  
Florida Bar No. 0146315  
E-Mail: aschotiner@sbwlawfirm.com  
SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A.  
7777 Glades Rd., Suite 400  
Boca Raton, FL  33434  
Tel:  (561) 477-7800  
Fax:  (561) 477-7722  
Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Adam S. Chotiner*
ADAM S. CHOTINER, ESQ.

## **SERVICE LIST**

*Marcos Garcia-Calvo v. Monterrey Money Services, Inc., et al.*
Case No. 1:15-cv-21734-CMA (Altonaga/O'Sullivan)
United States District Court, Southern District of Florida

| | |
|---|---|
| Steven C. Fraser, Esq. <br> E-Mail: steven.fraser.esq@gmail.com <br> Julia M. Garrett, Esq. <br> E-Mail:  jgarrett.jhzidellpa@gmail.com <br> Elizabeth O. Hueber, Esq. <br> E-Mail:  elizabeth.hueber.esq@gmail.com <br> J.H. Zidell, P.A. <br> 300 71st Street, Suite 605 <br> Miami Beach, FL  33141 <br> Tel:    (305) 865-6766 <br> Fax:   (305) 865-7167 <br> Counsel for Plaintiff <br> *Via CM/ECF* | Adam S. Chotiner, Esq. <br> E-Mail: aschotiner@sbwlawfirm.com <br> Shapiro, Blasi, Wasserman & Hermann, P.A. <br> 7777 Glades Rd., Suite 400 <br> Boca Raton, FL  33434 <br> Tel:    (561) 477-7800 <br> Fax:   (561) 477-7722 <br> Counsel for Defendants <br> *Via CM/ECF* |